CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
DEC 07 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:11CR00020 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| CALVIN EDWARD MILLER, | ) | |
| | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a single count Indictment charging defendant in Count One with knowingly and intentionally distributing a mixture of a substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, Sections 841(a)(1) and 841(b)(1)(C) of the United States Code. On December 5, 2011, a plea hearing was conducted before the undersigned. The defendant was placed under oath and testified his full legal name is Calvin Edward Miller and that he was born on July 13, 1979. The defendant informed the court that he had passed the General Educational Development tests ("GED"). The defendant stated that he can generally read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequences of pleading guilty to those charges. The defendant testified that he was not under the influence of alcohol, medicine, or any drug. The defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held, and he testified that he understood that he was before the court to plead guilty. The defendant testified that he had received a copy of the

1

Indictment pending against him, and that he had fully discussed the charges therein and any defenses thereto, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant testified that he understood that Count One is a felony, and if his plea is accepted, he will be adjudged guilty of those offenses.

The defendant was informed that the maximum possible penalty provided by law for the offense with which he is charged in Count One is twenty (20) years imprisonment and a fine of $1,000,000, together with a term of supervised release of five (5) years. The defendant was also informed that the Government had filed a notice of enhancement under 21 U.S.C. § 851 that would increase the maximum possible penalty for the offense in Count One to thirty (30) years imprisonment and a fine of $2,000,000. The defendant was informed that parole has been abolished, and that if he is sentenced to prison, he will not be released on parole, but on supervised release, a violation of which could result in additional incarceration. Finally, the defendant testified that he understood that, upon conviction, he will be required to pay a special assessment of $100 per felony count.

The defendant was further informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that the Sentencing Guidelines are no longer mandatory, but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory

purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to impose a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty.

The defendant acknowledged that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in the Indictment, including any facts related to sentencing. The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the Government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a finding of guilt.

The defendant acknowledged that there was no plea agreement in this case. The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also stated that he believed his counsel's representation had been effective. The defendant testified that he understood the possible

consequences of his plea. The defendant asked the court to accept his plea of guilty to Count One of the Indictment and acknowledged that once he entered his plea of guilty, he would not be entitled to withdraw it.

**THE GOVERNMENT'S EVIDENCE**

The defendant and the Government agreed to a Stipulation of Facts. The Stipulation of Facts having been filed in open court, the evidence presented therein regarding the offense charged is as follows:

In the fall of 2010, Detective Paul Best of the Jefferson Area Drug Enforcement Task Force ("JADE") was investigating Calvin E. Miller for possible drug dealing. On November 3, 2010, a JADE informant telephoned Mr. Miller to arrange to buy drugs. During the call, Mr. Miller said that he was at the Cherry Street Barbershop (which is in the Western Judicial District of Virginia), arranged to sell the informant an eighth-ounce of powder cocaine, and told the informant that "his peoples" would have the drugs at the barbershop. Detective Best listened to and taped that telephone call.

Detective Best fitted the informant with an audio/video recorder and gave him JADE-issued money to buy the cocaine from Mr. Miller. When the informant arrived at the barbershop, Mr. Miller took the informant outside. After a short time, Mr. Miller directed the informant to go into the barbershop. The informant met Antonio Wilson near the bathroom, where the informant saw Mr. Wilson and paid him $200 for what laboratory testing confirmed was 2.7 grams of cocaine hydrochloride. When the informant asked Mr. Wilson whether to contact Mr. Wilson or Mr. Miller to buy drugs again, Mr. Wilson told the informant to "holler at" Mr. Miller.

4

Detective Best and JADE watched the drug deal remotely, and once it was over, Detective Best searched the informant, took and field-tested the cocaine, removed the taping equipment, and made sure that the equipment had recorded the deal.

The parties agree that this evidence, if un-contradicted, would be sufficient to find Mr. Miller guilty beyond a reasonable doubt of the crime with which he stands charged.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions, and recommendations:

(1) The defendant is fully competent and capable of entering an informed plea;

(2) The defendant is aware of the nature of the charges and the consequences of his plea;

(3) The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and

(4) The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One and adjudge him guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for February 29, 2012 at 10:00 a.m. before the presiding District Judge in Charlottesville.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and

5

file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

12-7-2011
Date

6

Case 3:11-cr-00020-GEC   Document 61   Filed 12/07/11   Page 6 of 6   Pageid#: 405