CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 11 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:11CR00020-01 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CALVIN EDWARD MILLER, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Defendant Calvin Edward Miller has filed a motion for reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, Miller's motion must be denied.

### Background

On December 5, 2011, Miller entered a plea of guilty to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). Prior to sentencing, the probation officer prepared a presentence report, which designated Miller as a career offender under § 4B1.1 of the Sentencing Guidelines, and calculated the applicable guideline range based on that provision. At the time of sentencing, the court adopted the presentence report and found that Miller qualified as a career offender. In light of the career offender designation, the guideline range of imprisonment was 188 to 235 months. However, based on multiple factors, the court both departed and varied from the guideline range, and imposed an 84-month sentence of imprisonment.

Miller now seeks a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which generally reduced the base offense levels applicable to drug offenses under § 2D1.1 of the Guidelines by two levels. The court previously issued a notice advising Miller that he may not be eligible for a reduction because of his designation as a career offender under § 4B1.1. The motion is now ripe for disposition.

## Discussion

A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).

In this case, Miller's applicable guideline range was his career offender range of 188 to 235 months, which was derived from § 4B1.1 of the Sentencing Guidelines. As other courts have previously explained, "Amendment 782 amended § 2D1.1" of the Guidelines; it "did not lower the sentencing range established for a career offender by § 4B1.1." United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014); see also United States v. Avent, 633 F. App'x 176 (4th Cir. 2016) ("Amendment 782 is not applicable to sentences . . . derived from the career offender provisions in the Sentencing Guidelines."); United States v. Miller, 632 F. App'x 609 n.1 (11th Cir. 2016) ("Amendment 782 . . . does not affect any of the Guidelines' career offender provisions."). Therefore, Miller's applicable guideline range was not affected by Amendment

2

782. Although the court both departed and varied from that range at sentencing, "the 'applicable guideline range' remains the original pre-departure range." United States v. Webb, 760 F.3d 513, 520 (6th Cir. 2014). Because that range has not been lowered by any retroactively applicable amendments to the Sentencing Guidelines, Miller is not eligible for a sentence reduction under § 3582(c)(2).* See United States v. Hall, 627 F. App'x 266 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender (a Guidelines range from which the district court departed downward at sentencing), Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction.").

For these reasons, Miller's motion for reduction of sentence under § 3582(c)(2) must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 11th day of May, 2016.

_____
Chief United States District Judge

---

* In his pro se response to the court's Notice, the defendant appears to challenge the validity of his career offender designation. The defendant is advised that such challenge falls outside the scope of the proceeding authorized by § 3582(c)(2). See Dillon, 560 U.S. at 825-27 (explaining that § 3582(c)(2) permits sentence reductions only within the narrow bounds established by the Sentencing Commission and does not authorize a full resentencing); see also United States v. Allen, 623 F. App'x 529, 530 (11th Cir. 2015) (holding that a defendant's challenges to his career offender designation based on the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Descamps v. United States, 133 S. Ct. 2276 (2013) were "not cognizable in a § 3582(c)(2) proceeding"); United States v. Jones, 533 F. App'x 338, 339 (4th Cir. 2013) (holding that a defendant could not use a § 3582(c)(2) motion to challenge his classification as a career offender, since the career offender provisions were unaffected by the Guidelines amendment on which the motion was based). Any challenge to the defendant's career offender designation should be raised, if at all, in a motion filed pursuant to 28 U.S.C. § 2255.