IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 3:11CR00020-01 |
| | (Civil Action No. 3:16CV81085) |
| v. | |
| | **MEMORANDUM OPINION** |
| CALVIN EDWARD MILLER, | |
| | By: Hon. Glen E. Conrad |
| Defendant. | Chief United States District Judge |

Calvin Edward Miller, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, and the time allotted for Miller to respond has expired, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and Miller's motion to vacate will be denied.

### Background

On July 27, 2011, a federal grand jury returned an indictment charging Miller with distribution of a detectable amount of powder cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). At the time of the offense, Miller had two prior felony convictions for controlled substance offenses: a 1997 conviction in the Circuit Court for the City of Charlottesville for possession with intent to distribute cocaine, and a 2009 conviction in the same court for distribution of cocaine. Consequently, the government filed a notice of enhanced punishment, pursuant to 21 U.S.C. § 851, on October 25, 2011. As a result of the prior convictions, the maximum term of imprisonment for the charged offense was 30 years. See 21 U.S.C. § 841(b)(1)(C).

On December 5, 2011, Miller entered a plea of guilty to the offense charged in the indictment. Prior to sentencing, the probation officer prepared a presentence report, which

designated Miller as a career offender under § 4B1.1 of the United States Sentencing Guidelines, and calculated an advisory guideline range of imprisonment of 188 to 235 months based on that provision.

Miller appeared for sentencing on March 2, 2012. During the hearing, defense counsel argued that Miller's 1997 conviction, incurred when he was seventeen, should not be counted in his criminal history or treated as a predicate conviction for purposes of the career offender provision. Pursuant to § 4A1.2(d) of the Sentencing Guidelines, a defendant receives three criminal history points under § 4A1.1(a) for an offense committed prior to the age of eighteen, "[i]f the defendant was convicted as an adult and received a sentence of imprisonment of more than one year and one month." The term "sentence of imprisonment" refers only to the portion of the sentence that was not suspended. U.S.S.G. § 4A1.2(b)(2). The term also includes any term of imprisonment imposed upon revocation of probation for the offense. See U.S.S.G. § 4A1.2(k). The prior sentence is counted as long as it was imposed "within fifteen years of the defendant's commencement of the instant offense," or "resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1).

Miller was sentenced for the 1997 offense in 1999. He received a ten-year term of imprisonment, all of which was suspended, along with a four-year term of probation. He subsequently violated the conditions of probation in 2000 and served one year in prison. His probation was revoked again in 2002 and 2004. On each occasion, after a period of detention before the revocation hearing, Miller was sentenced to time served. The court ultimately determined that Miller had been imprisoned for at least one year and one month for the 1997 offense, making it a countable conviction and a proper predicate for the career offender provision. Accordingly, the court overruled the defendant's objection.

2

The court then decided that the career offender designation overstated Miller's criminal history, and that a sentence within the career offender range of 188 to 235 months would be unreasonable. The court also decided that a sentence within the guideline range that would apply if Miller were not a career offender would understate his criminal history and be similarly unreasonable. After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the court determined that a term of imprisonment of 84 months was appropriate in the defendant's case.

Miller appealed his sentence to the United States Court of Appeals for the Fourth Circuit. On appeal, Miller argued that his 1997 drug conviction should not have been relied upon to establish his career offender status. The Fourth Circuit rejected Miller's argument and concluded that "Miller was correctly sentenced as a career offender." United States v. Miller, 495 F. App'x 376, 378 (4th Cir. 2012). The Fourth Circuit further concluded that any purported error was harmless and that Miller was not entitled to resentencing. See id. ("We are satisfied that resentencing is not required here because the district court correctly determined that Miller was a career offender and exercised its discretion to determine the appropriate sentence in light of the § 3553(a) factors.").

On June 27, 2016, Miller moved to vacate his sentence under 28 U.S.C. § 2255. Relying on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), Miller argues that he no longer qualifies as a career offender and, thus, that he is entitled to resentencing.

Pursuant to Standing Order 2015-5, an attorney in the Office of the Federal Public Defender was appointed to represent Miller and provide supplemental briefing, if necessary, in light of Johnson. The attorney subsequently declined to file any additional pleadings and moved

3

to withdraw from further representation. That motion was granted on August 22, 2016, and the government was directed to respond to the pending § 2255 motion.

On October 26, 2016, the government filed a motion to dismiss. The court notified Miller of the government's motion, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and gave him 21 days in which to file a response. As of this date, no response has been filed. The matter is now ripe for review.

## **Discussion**

Section 2255 sets forth four grounds on which a prisoner in federal custody may collaterally attack his sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

In this case, Miller claims that he is entitled to resentencing because he no longer qualifies as a career offender under § 4B1.1 of the Sentencing Guidelines. Upon review of the record, the court concludes that this claim is without merit. Section § 4B1.1 provides that a defendant is a career offender if, among other factors, the defendant has at least two prior felony convictions for crimes of violence or controlled substance offenses. See U.S.S.G. § 4B1.1(a). This requirement is satisfied where "(1) the defendant has previously sustained at least two felony convictions of either a crime of violence or a controlled substance offense; and (2) the sentences for at least two of the aforementioned felony convictions are counted separately." United States v. Davis, 720 F.3d 215, 217 (4th Cir. 2013) (internal quotation marks omitted); see

4

U.S.S.G. § 4B1.2(c). As explained above, Miller had two prior felony convictions for controlled substance offenses, and the sentences for those convictions were correctly counted separately to determine his criminal history score. Accordingly, Miller was properly designated as a career offender.

In seeking relief under § 2255, Miller relies upon the Supreme Court's decision in Johnson v. United States, in which the Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. Johnson, 135 S. Ct. at 2555-57. However, Johnson has no application here. Miller was not sentenced under the residual clause of the Armed Career Criminal Act. Nor was his sentence based upon the residual clause previously contained in § 4B1.2 of the Sentencing Guidelines. Instead, Miller was designated as a career offender based on two prior felony convictions for controlled substance offenses. Because the definition of a "controlled substance offense" was not called into question by Johnson, the decision has no effect on the propriety of Miller's sentence. See United States v. Reid, No. 16-4318, 2016 U.S. App. LEXIS 21350, at *2 (4th Cir. 29, 2016) ("Johnson has no application where, as here, the designation of career offender is based on prior felony drug convictions."). Accordingly, Miller is not entitled to relief under § 2255.\*

---

\* On June 27, 2016 the Supreme Court granted certiorari in Beckles v. United States, 136 S. Ct. 2510 (2016), a case that presents the question of whether Johnson applies to sentences imposed under the residual clause previously found in § 4B1.2(a)(2) of the Sentencing Guidelines, and, if so, whether that rule applies retroactively to cases on collateral review. Because Miller's career offender designation was not based upon the residual clause, it is unnecessary to await the Supreme Court's decision in Beckles. Likewise, because Johnson is clearly inapplicable to the defendant's case, the court need not address the other arguments raised in support of the government's motion to dismiss.

5

## Conclusion

For the reasons stated, the court will grant the government's motion to dismiss and deny Miller's § 2255 motion. Additionally, because Miller has failed to make a substantial showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 27th day of February, 2017.

/s/ Jon Conrad
Chief United States District Judge

6

Case 3:11-cr-00020-GEC   Document 164   Filed 02/27/17   Page 6 of 6   Pageid#: 1305